MAY, C.J.
The defendant appeals his conviction for second degree murder with a firearm and shooting into a building, and his concurrent sentences of life and fifteen years imprisonment. The defendant raises four issues, none of which require a reversal. We affirm.
The tragic events giving rise to this prosecution began when the victim’s mother awoke to her daughter, the victim, banging on her bedroom window. She let the victim and her boyfriend into the house and returned to bed. The victim stayed in *735 her mother’s bedroom while the boyfriend used the bathroom to change his clothes. While the boyfriend was in the bathroom, the victim called 911 on her cell phone.
The boyfriend walked into the bedroom while the victim was on the phone. He asked the victim if she was talking to the police and then said she wouldn’t call anybody else. He pulled out a gun and shot the victim in the leg. The victim reached across the bed and grabbed onto her mother’s arms, asking for help. The boyfriend then shot the victim in the head. The mother heard three shots in total.
The boyfriend immediately left through the back door. The mother stayed inside the house for about fifteen to thirty minutes. She then went out the front door and asked a girl walking up the street to call the police. The girl called the police and passed the phone to the mother. When the 911 operator asked her about the gun, the mother hung up the phone.
When law enforcement responded, the mother ran up to one of the officers screaming and upset. She said the victim’s boyfriend had shot the victim in the head. She identified the defendant as the boyfriend. The trial court admitted the mother’s statement as an excited utterance over the defendant’s objection. The defendant argues the admission of this statement was error. We disagree.
“In order for a statement to qualify as an excited utterance exception to the hearsay rule pursuant to section 90.803(2) ... ‘the statement must be made: (1) regarding an event startling enough to cause nervous excitement; (2) before there was time to contrive or misrepresent; and (3) while the person was under the stress or excitement caused by the event.’ ” Hayward v. State, 24 So.3d 17, 29 (Fla.2009) (quoting Hudson v. State, 992 So.2d 96, 107 (Fla.2008)). Here, the startling event, the shooting of the witness’s daughter as she clung to her mother, occurred only fifteen to thirty minutes before the hearsay statements were made to the responding officer. The trial court properly admitted the statement as an excited utterance.
Next the defendant argues the trial court erred in limiting the defendant’s cross-examination of one of the detectives. “One accused of [a] crime ... has an absolute right to [a] full and fair cross-examination. A limitation on cross-examination that prevents the defendant from achieving the purposes for which it exists may be harmful error.” Steinhorst v. State, 412 So.2d 332, 337 (Fla.1982) (citation omitted). The trial court sustained the State’s objection to questions concerning whether the detective had read in a CAD report that a man with the name of the victim’s ex-husband was hanging around the scene that night. The trial court properly limited the cross-examination because it constituted inadmissible hearsay. The trial court then suggested another question that would elicit the information defense counsel sought to introduce.
The defendant next argues the trial court erred in allowing the crime scene investigator (CSI) to provide opinion testimony concerning the victim’s cell phone. “Lay witness opinion testimony is admissible if it is within the ken of an intelligent person with a degree of experience.” Fino v. Nodine, 646 So.2d 746, 748 (Fla. 4th DCA 1994) (quoting Floyd v. State, 569 So.2d 1225, 1232 (Fla.1990)). Here, the opinions offered by the CSI did not require any special knowledge, skill, experience, or training, and were within the CSI’s knowledge. There was no error in the admission of this testimony.
Lastly, the defendant argues the trial court erred by commenting on the *736 evidence in a curative instruction to the jury. When defense counsel began to argue that perhaps another of the victim’s male friends was responsible for her death and that the victim’s mother may have been mistaken in her identification of the defendant, the State objected. The court responded, “The objection is sustained. Jurors will decide the case only on the evidence and there has been no evidence of other guys throughout the years.” The State responds that the trial court’s comment was not error because it did not go to the weight or credibility of a witness and it showed no bias against the defendant. The State alternatively argues that any error was harmless.
“A judge may not sum up the evidence or comment to the jury upon the weight of the evidence, the credibility of the witnesses, or the guilt of the accused.” § 90.106, Fla. Stat. (2009). Although ordinarily a judge may not sum up the evidence, the single and isolated remark of the judge was not prejudicial or improper under the circumstances. See Crews v. Warren, 157 So.2d 553, 559 (Fla. 1st DCA 1963).
We find no error in any of the issues raised. Even if error occurred, it was harmless. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986); Erickson v. State, 565 So.2d 328, 334 (Fla. 4th DCA 1990).

Affirmed.

POLEN J., concurs.
WARNER, J., concurs specially with opinion.